Rcpt # 500693

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORIGINAL

04-60004

RICARDO MOORE,

    Plaintiff,

v

CITY OF DETROIT, A Michigan municipal
corporation, CITY OF DETROIT POLICE
DEPARTMENT, and former CHIEF
JERRY OLIVER, jointly and severally,

    Defendants.

CASE NO:
HON.: JUDGE MARIANNE O. BATTANI
Magistrate Majzoub

Wayne County Circuit Court
Case No. 03-337538 NZ
HON. ROBERT L. ZIOLKOWSKI

_____

ISAIAH LIPSEY (P57361)
Attorney for Plaintiff
17000 W. Ten Mile Road
Second Floor
Southfield, Michigan 48075
(248) 552-8787

KATHRYN NIEMER (P39239)
DARA M. CHENEVERT (P51283)
City of Detroit Law Department
Attorneys for Defendants
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3041

_____

## NOTICE OF REMOVAL OF CIVIL ACTION

**NOW COME** Defendants, by and through their attorneys, Kathryn Niemer and Dara M. Chenevert, and pursuant to 28 USC §1331 and 1446(2) hereby give notice of removal of this action from the State of Michigan Circuit Court for the County of Wayne to Federal District Court and expressly reserving all questions other than that of removal, state the following in support of this removal:

    1.    There was commenced and is now pending in the State of Michigan Circuit Court

for the County of Wayne, a civil action designated as Case No. 03-337538 NZ, in which Ricardo Moore is named as the Plaintiff and the City of Detroit, the City of Detroit Police Department and former Chief of Police Jerry Oliver are named as Defendants. Copies of all process, pleadings, and orders in this matter are attached hereto.

2. Plaintiff filed his Complaint on November 12, 2003 and filed his Amended Complaint and Reliance on Jury Demand on November 20, 2003. A copy of all pleadings was served on Defendants by certified mail on December 22, 2003.[1]

3. This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b). Count I, Paragraphs 15 - 20 of Plaintiff's Amended Complaint explicitly reference a violation of Plaintiff's First Amendment rights pursuant to 42 U.S.C. §1983. Count II, Paragraphs 21 - 25 of Plaintiff's Amended Complaint impliedly references a violation of Plaintiff's Fourteenth Amendment due process rights, also pursuant to 42 U.S.C. §1983. Specifically, Plaintiff alleges that Defendants demoted, harassed and retaliated against Plaintiff for exercising his First Amendment right to free speech, under color of law.

4. Thus, Counts I and II of Plaintiff's Complaint purport to assert claims arising under federal law, which gives this Court original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).

5. Pursuant to 28 U.S.C. §1441(a), a defendant may remove any claim over which the federal court has original jurisdiction and this Court exercises original jurisdiction over all claims arising under 42 U.S.C. §1983.

6. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction to hear state claims that are pendent to the federal cause of action.

---

[1] The original Complaint filed on November 12, 2003 was served on December 22, 2003 together with the Amended Complaint filed on November 20, 2003.

7. The exercise of supplemental jurisdiction in this matter is warranted because (1) the federal claims have substance sufficient to confer subject matter jurisdiction on the court; (2) the state and federal claims derive from a common nucleus of operative fact; and (3) the Plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding.

8. Plaintiff's state law claims do not represent claims separate and independent of the federal claim of a violation of 42 U.S.C. §1983.

9. Plaintiff's state law claims do not "substantially predominate" over his federal causes of action, but rather derive and flow directly from them.

10. This action can be removed in its entirety. Specifically, Defendants request that, in addition to exercising federal question jurisdiction over the federal claims, this Court also exercise supplemental jurisdiction over the remaining claims, pursuant to 28 U.S.C. § 1441(c), since those claims are so related to the federal claims that they form part of the same case or controversy. All of Plaintiff's claims not only arise out of a common nucleus of operative fact, they arise out of the exact same factual circumstances, such that Plaintiff would ordinarily be expected to try them all in one proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 717; 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

11. Written notice of the filing of this Notice of Removal is being serviced on Plaintiff's counsel this date.

CITY OF DETROIT LAW DEPARTMENT 1650 FIRST NATIONAL BUILDING DETROIT MI 48226

12. A copy of this Notice of Removal is being filed with the State of Michigan Circuit Court of the County of Wayne this date.

**WHEREFORE** the above named Defendants remove this action to this court.

Respectfully submitted,

**CITY OF DETROIT LAW DEPARTMENT**

By: /s/ Dara M. Chenevert

Kathryn Niemer (P39239)
Dara M. Chenevert (P51283)
Attorneys for Defendant
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3041

Dated: January 8, 2004

CITY OF DETROIT LAW DEPARTMENT 1650 FIRST NATIONAL BUILDING DETROIT MI 48226

03-337538 NZ

**STATE OF MICHIGAN**
**THIRD CIRCUIT COURT**



**SUMMONS AND RETURN OF SERVICE**

CASE NO.

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224- 2365

THIS CASE ASSIGNED TO JUDGE: ROBERT L ZIOLKOWSKI

Bar Number: 22745

**PLAINTIFF**
MOORE RICARDO                    PL 01

VS

**DEFENDANT**
DETROIT POLICE DEPARTMENT         DF 003

**PLAINTIFF'S ATTORNEY**
ISAIAH LIPSEY
(P-57361)
17000 W 10 MILE RD FL 2
SOUTHFIELD, MI 48075-2945
248-552-8787

| CASE FILING FEE | JURY FEE |
|---|---|
| PAID | PAID |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 11/12/03 | 02/11/04 | LISA J HOWARD |

*This summons is invalid unless served on or before its expiration date.

Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
|  |  |  |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date: 12/16/2003

Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101 REV. (3-98)   MC 01 (10/97)

**SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

DEFENDANT

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**RICARDO MOORE,**

    Plaintiff,

v.

**CITY OF DETROIT,** a municipality,
**CITY OF DETROIT POLICE DEPARTMENT,**
and former **CHIEF JERRY OLIVER,**
jointly and severally,

    Defendant.

_____/

03-337538-NZ   11/12/2003
JDG: ROBERT L ZIOLKOWSKI
MOORE RICARDO
vs
DETROIT CITY OF

**LAW OFFICES OF ISAIAH LIPSEY**
Isaiah Lipsey (P57361)
Attorney for Plaintiff
17000 W. Ten Mile Road, 2nd Floor
Southfield, MI 48075
(248) 552-8787

_____/

## AMENDED COMPLAINT AND RELIANCE ON JURY DEMAND

Plaintiff, Ricardo Moore, by and through his attorney, Isaiah Lipsey, and for his Complaint in the above-named matter, states as follows:

1. Plaintiff, Ricardo Moore (hereinafter "Plaintiff:"), at all times relevant to this Complaint, was a resident of the City of Detroit, County of Wayne, State of Michigan.

1

2. Defendant, City of Detroit, is a municipality located in the County of Wayne, State of Michigan.

3. Defendant, City of Detroit Police Department is a law enforcement entity established and operating under the laws of the State of Michigan and is authorized to do business in the State of Michigan.

4. On information and belief, Defendant, former Police Chief Jerry Oliver, was at all times relevant to this Complaint, a resident of the County of Wayne, State of Michigan, operating under color of law as the Chief of Police for the City of Detroit.

5. Defendant Jerry Oliver's illegal actions against Ricardo Moore occurred within the course of Moore's employment with the City and was in the scope of Mr. Oliver's authority.

6. At all relevant times, Ricardo Moore was a policeman and/or spokesman for the police department since 1995.

7. That all events, transactions and occurrences relevant hereto transpired within the County of Wayne.

8. That the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000) Dollars.

9. That the defendants did during the course of Plaintiff's employment take unjustified, unprivileged, uncontested and unlawful actions

with the Plaintiff while acting under the color of law, and within the scope of their authority on or about November 26, 2002.

10. Ricardo Moore was retaliated against, in violation of his First Amendment rights when he publicly stated that the "Chief must work with the unions regarding the promotions of police officers."

11. That after this statement, Plaintiff was demoted from his position as Press Spokesman for the Police Department, transferred to the midnight shift patrol, forced to undergo psychiatric counseling and otherwise harassed by the former Chief of Police Jerry Oliver.

12. As a result of defendants' actions, Ricardo Moore experienced and continues to experience pain and suffering, including but not limited to mental anguish, fright, shock, undue stress, depression, anxiety, memory loss, humiliation and embarrassment.

13. That Plaintiff's First Amendment freedom of speech, freedom of expression, right to association, and freedom of liberty has been and is currently being unlawfully restrained by Defendants and defendants' agents.

14. That Defendants' acts and/or omissions taken individually and/or in their totality were at all times intentional, willful, wanton, reckless, malicious, and/or grossly unconstitutional.

## COUNT I

### FIRST AMENDMENT VIOLATIONS AND FIRST AMENDMENT RETALIATION ALL DEFENDANTS

15. Plaintiff realleges and reincorporates by reference each allegation as set forth in paragraphs 1 through 14 as though more fully stated herein.

16. That the intentional and unlawful actions of Defendants placed Plaintiff in immediate and well founded fear of job loss, demotion, mental stress and anguish, and imminent bodily injury, coupled with Defendants' present ability to carry out the intentional and willful acts which Plaintiff could not prevent and that emotional and physical bodily injury did result from the intentional and lawful actions of Defendants.

17. That the actions of the Defendants were unjustified, malicious, and in bad faith.

18. That Plaintiff was denied his freedom of speech by the Chief of Police and City of Detroit Police Department when he stated "The Chief must work with the unions" on or about November 26, 2002.

19. That Plaintiff was retaliated against by exercising his First Amendment rights.

20. That as a direct and proximate result of the above-mentioned actions of Defendants, Plaintiff suffered injuries and damages, including but not limited to, serious and lasting mental injuries to his body, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation, loss of memory, aggravation of pre-existing conditions known and unknown and incurred medical expenses, all in the present and future.

WHEREFORE, Plaintiff, Ricardo Moore, respectfully requests that this court enter judgment against the Defendants in excess of Twenty Five Thousand ($25,000) Dollars, together with interests, costs and attorney fees.

## COUNT II

## SECTION 1983 - COLOR OF LAW

21. Plaintiff realleges and reincorporates by reference allegations set forth in paragraphs 1 through 19 as though more fully stated herein.

22. That Defendants' actions against the Plaintiff were taken under the color of law.

23. That Plaintiff was demoted, harassed and retaliated against by the Defendants under the color of law by stating that the "Chief must work with the unions" on or about November 26, 2002.

24. Plaintiff, Ricardo Moore, was at all times, acting in a lawful manner and in the best interest of the City of Detroit Police Department.

25. That as a direct and proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff suffered injuries and damages, including but not limited to, serious and lasting mental and physical injuries to his body, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation, loss of memory, aggravation of pre-existing conditions, known and unknown, and has incurred medical expenses, all present and future.

WHEREFORE, Plaintiff, Ricardo Moore, respectfully requests that this court enter judgment against the Defendants in excess of Twenty Five Thousand ($25,000) Dollars, together with interests, costs and attorney fees.

### RELIANCE ON JURY DEMAND

Plaintiff relies on the demand for a trial by jury previously submitted.

Respectfully submitted,

By: _____
Isaiah Lipsey (P57361)
Attorney for Plaintiff
17000 W. Ten Mile Rd, 2nd Fl
Southfield, MI 48075
(248) 552-8787

Dated: November 19, 2003

6



JURY FEE PAID

DATE:
NOV 1 2 2003

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

RICARDO MOORE,

    Plaintiff,

v.

CITY OF DETROIT, a municipality,
CITY OF DETROIT POLICE DEPARTMENT,
and former CHIEF JERRY OLIVER,
jointly and severally,

    Defendant.
_____/

Case No. 03-    - NZ

Hon.

LAW OFFICES OF ISAIAH LIPSEY
Isaiah Lipsey (P57361)
Attorney for Plaintiff
17000 W. Ten Mile Road, 2nd Floor
Southfield, MI 48075
(248) 552-8787
_____/

There is no other pending civil or resolved action arising out of the same transaction or occurrence as alleged in this complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge. MCR 2.113(c)(2)(a).

_____
Isaiah Lipsey

**COMPLAINT AND JURY DEMAND**

Plaintiff, Ricardo Moore, by and through his attorney, Isaiah Lipsey, and for his Complaint in the above-named matter, states as follows:

1. Plaintiff, Ricardo Moore (hereinafter "Plaintiff:"), at all times relevant to this Complaint, was a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, City of Detroit, is a municipality located in the County of Wayne, State of Michigan.

3. Defendant, City of Detroit Police Department is a law enforcement entity established and operating under the laws of the State of Michigan and is authorized to do business in the State of Michigan.

4. On information and belief, Defendant, former Police Chief Jerry Oliver, was at all times relevant to this Complaint, a resident of the County of Wayne, State of Michigan, operating under color of law as the Chief of Police for the City of Detroit.

5. Defendant Jerry Oliver's illegal actions against Ricardo Moore occurred within the course of his employment with the City and was in the scope of Mr. Oliver's authority.

6. That all events, transactions and occurrences relevant hereto transpired within the County of Wayne.

7. That the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000) Dollars.

8. That the defendants did during the course of Plaintiff's employment take unjustified, unprivileged, uncontested and unlawful actions with the Plaintiff while acting under the color of law, and within the scope of their authority.

9. Ricardo Moore was retaliated against, in violation of his First Amendment rights when he publicly stated that the "Chief must work with the unions regarding the promotions of police officers."

10. That after this statement, Plaintiff was demoted from his position as Press Spokesman for the Police Department, transferred to the midnight shift patrol, forced to undergo psychiatric counseling and otherwise harassed by the former Chief of Police Jerry Oliver.

11. As a result of defendants' actions, Ricardo Moore experienced and continues to experience pain and suffering, including but not limited to mental anguish, fright, shock, undue stress, depression, anxiety, memory loss, humiliation and embarrassment.

12. That Plaintiff's First Amendment freedom of speech, freedom of expression, right to association, and freedom of liberty has been and is currently being unlawfully restrained by Defendants and defendants' agents.

13. That Defendants' acts and/or omissions taken individually and/or in their totality were at all times intentional, willful, wanton, reckless, malicious, and/or grossly unconstitutional.

## COUNT I

### FIRST AMENDMENT VIOLATIONS
### AND FIRST AMENDMENT RETALIATION
### ALL DEFENDANTS

14. Plaintiff realleges and reincorporates by reference each allegation as set forth in paragraphs 1 through 13 as though more fully stated herein.

15. That the intentional and unlawful actions of Defendants placed Plaintiff in immediate and well founded fear of job loss, demotion, mental stress and anguish, and imminent bodily injury, coupled with Defendants' present ability to carry out the intentional and willful acts which Plaintiff could not prevent and that emotional and physical bodily injury did result from the intentional and lawful actions of Defendants.

16. That the actions of the Defendants were unjustified, malicious, and in bad faith.

17. That Plaintiff was denied his freedom of speech by the Chief of Police and City of Detroit Police Department when he stated "The Chief must work with the unions."

18. That Plaintiff was retaliated against by exercising his First Amendment rights.

19. That as a direct and proximate result of the above-mentioned actions of Defendants, Plaintiff suffered injuries and damages, including but not limited to, serious and lasting mental injuries to his body, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation, loss of memory, aggravation of pre-existing conditions known and unknown and incurred medical expenses, all in the present and future.

WHEREFORE, Plaintiff, Ricardo Moore, respectfully requests that this court enter judgment against the Defendants in excess of Twenty Five Thousand ($25,000) Dollars, together with interests, costs and attorney fees.

## COUNT II

## SECTION 1983 - COLOR OF LAW

20. Plaintiff realleges and reincorporates by reference allegations set forth in paragraphs 1 through 19 as though more fully stated herein.

21. That Defendants' actions against the Plaintiff were taken under the color of law.

22. That Plaintiff was demoted, harassed and retaliated against by the Defendants under the color of law by stating that the "Chief must work with the unions."

5

23. Plaintiff, Ricardo Moore, was at all times, acting in a lawful manner and in the best interest of the City of Detroit Police Department.

24. That as a direct and proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff suffered injuries and damages, including but not limited to, serious and lasting mental and physical injuries to his body, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation, loss of memory, aggravation of pre-existing conditions, known and unknown, and has incurred medical expenses, all present and future.

WHEREFORE, Plaintiff, Ricardo Moore, respectfully requests that this court enter judgment against the Defendants in excess of Twenty Five Thousand ($25,000) Dollars, together with interests, costs and attorney fees.

### JURY DEMAND

Plaintiff hereby demands a Trial by Jury.

Respectfully submitted,

By: *Isaiah Lipsey*
Isaiah Lipsey (P57361)
Attorney for Plaintiff
17000 W. Ten Mile Rd, 2nd Fl
Southfield, MI 48075
(248) 552-8787

Dated: November 11, 2003

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO MOORE,
Plaintiff,

CASE NO:
HON.:
Magistrate:

-vs-

CITY OF DETROIT, A Michigan municipal corporation, CITY OF DETROIT POLICE DEPARTMENT, and former CHIEF JERRY OLIVER, jointly and severally,
Defendants.

Wayne County Circuit Court
Case No. 03-337538 NZ
HON. ROBERT L. ZIOLKOWSKI

---

ISAIAH LIPSEY (P57361)
Attorney for Plaintiff
17000 W. Ten Mile Road
Second Floor
Southfield, Michigan 48075
(248) 552-8787

KATHRYN NIEMER (P39239)
DARA M. CHENEVERT (P51283)
City of Detroit Law Department
Attorneys for Defendants
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3041

## PROOF OF SERVICE

STATE OF MICHIGAN    )
                     )ss.
COUNTY OF WAYNE      )

**Myria Winkler** being first duly sworn, deposes and says that she is employed by the City of Detroit; that on **January 8, 2004**, she served the following: NOTICE OF REMOVAL OF ACTION TO U.S. DISTRICT COURT, NOTICE OF REMOVAL OF CIVIL ACTION, NOTICE OF APPEARANCE AND APPEARANCE OF COUNSEL, ANSWER TO AMENDED COMPLAINT, DEFENDANTS' SPECIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT, RELIANCE ON DEMAND FOR JURY TRIAL, AND A PROOF OF SERVICE on: ISAIAH LIPSEY (P57361), Attorney for Plaintiff, 17000 W. Ten Mile Road, Second Floor, Southfield, Michigan 48075, by placing the same in an envelope addressed as above and properly stamped with first-class postage fully prepaid and depositing said envelope in a mail receptacle maintained by the United States government in the First National Building, Detroit, Michigan.

Myria Winkler

Subscribed and sworn to before me this 8th day of January 2004.

Notary Public
Wayne County, MI
My Commission expires: 1-13-2006

**ORIGINAL**

JS 44 11/99

# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: Wayne

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**
RICARDO MOORE

Battani/Majz
60004
26163

**DEFENDANTS** 04-60004
CITY OF DETROIT
CITY OF DETROIT POLICE DEPARTMENT
FORMER CHIEF JERRY OLIVER

(b) County of Residence of First Listed: Wayne

County of Residence of First Listed: Wayne
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorneys (Name, Address and Telephone Number)
ISAIAH LIPSEY          P57361
17000 W. Ten Mile Road, Second Floor
Southfield        MI     48075
(248) 552-8787

Attorneys (If Known)
Dara M. Chenevert
City of Detroit Law Department
660 Woodward Avenue, Suite 1650
Detroit, MI 48226
(313) 237-5083

**JUDGE MARIANNE O. BATTANI**
**Magistrate Majzoub**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault, Libel And Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 863 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 610 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | / ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC Sec. 1983

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND 25,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 1/8/2004
SIGNATURE OF ATTORNEY OF RECORD
x Dara M. Chenevert

**PURSUANT TO LOCAL RULE 83.11**

1.     Is this a case that has been previously dismissed?      ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)     ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes: