UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO MOORE,

                Plaintiff,

                                              Case No. 04-60004
-v-                                                 Hon. Marianne O. Battani

CITY OF DETROIT, a municipal
corporation, CITY OF DETROIT
POLICE DEPARTMENT, and former
CHIEF JERRY A. OLIVER, SR.,
jointly and severally,

                Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT NOTWITHSTANDING VERDICT OR IN THE
ALTERNATIVE MOTION FOR NEW TRIAL AND REMITTITUR**

      Plaintiff Ricardo Moore, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his First Amendment rights. The case proceeded to trial, and the jury awarded judgment in the amount of $190,000 against the City of Detroit and $10,000 against former Chief of Police, Jerry A. Oliver.

      Defendants subsequently filed two motions, one for directed verdict (Doc. # 23) and one for judgment notwithstanding the verdict or in the alternative, for a new trial and remittitur (Doc. #26). Plaintiff requests statutory costs, interest, and attorney fees. (Doc. # 31). The Court heard oral argument on Defendants' motions on April 19, 2006.

      At the conclusion of the argument, the Court took these matters under advisement. The Court informed the party that a decision would be issued after the Supreme Court decided <u>Garcetti v. Ceballos</u>, No. 04-473 (S.Ct. May 30, 2006) a case involving issues relevant to the resolution of the motions. On May 30, 2006, the Court issued its opinion.

Because First Amendment protection does not "insulate" public employees who make statements pursuant to their official duties from discipline, id. at 9, the Court **GRANTS** Defendants' request for judgment notwithstanding the verdict.

**I. BACKGROUND**

Moore was employed in the Corporate Communications section of the Detroit Police Department. Pusuant to department regulations, Plaintiff acted as the offical department spokesman for the release of information to the news media and the public. On November 6, 2002, he made a statement during a media interview opposing Chief Oliver's promotional policy. Oliver did not want to promote those officers on the promotional list that had serious disciplinary offenses within the past three years or those officers not on full duty status. During the media interview, Moore was asked, "What are the ramifications of the Chief not following past practice and promoting the officers?" See Pl.'s Resp. at 4. He replied, "The Chief will have to work with the unions on this one." Id. As a follow-up question, Plaintiff was asked whether the Chief's actions were illegal. He responded, "Yes." Id.

According to Plaintiff, shortly after the media published his comments, the Chief confronted him and advised him to get on the "team." Id. Although the Chief disputed Plaintiff's version of the events at trial, Plaintiff's fellow officer, Lt. James Jones corroborated Plaintiff's rendition of the facts and testified that the Chief was quite angry. Thereafter, Plaintiff was transferred to a new position; one he deemed less desirable. On November 14, 2002, the date Moore learned of his transfer, he used his position to inform the press through an official press release that he had been transferred. Plaintiff claims that he engaged in protected speech, and his transfer was retaliatory.

## II.  STANDARD OF REVIEW

The 1991 amendments of Fed.R.Civ.P. 50 replaced the terminology "directed verdict" and "judgment notwithstanding the verdict," or "JNOV," with the current terms "judgment as a matter of law" and "renewed judgment as a matter of law."  The Court utilizes the terminology articulated in the Rule.

Rule 50 reads as follows:

(a) Judgment as a Matter of Law

> (1) If during a trial by a jury a party has been finally heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

> (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

(b) Renewing Motion for Judgment After Trial; Alternative Motion for New Trial. If, for any reason the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment--and may alternatively request a new trial under Rule 59. . . .

Fed.R.Civ.P. 50(a),(b).

The langauge of the rule limits a post-trial motion for judgment as a matter of law.

It can only be made as a renewal of a motion made before the case was submitted to the jury.

## III.  ANALYSIS

In the motions before the Court, the parties contest whether the First Amendment protects Plaintiff's speech. The reasoning advanced in <u>Garcetti</u> unequivocally resolves the dispute.  "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."  547 U.S. __ (No. 04-473 May 30, 2006) .   The holding puts an end to Plaintiff's case.

Moore's criticism of the Chief's stance on promotions to the media, occurred in the context of his job duties.  He spoke as an employee, not as a citizen for First Amendment purposes.  In short, by virtue of Plaintiff's position, Defendants, as employers, had "heightened interest in controlling speech made by an employee in his [ ] professional capacity.  Official communications have official consequences, creating a need for substantive consistency and clarity.  Supervisors must ensure that their employees' official communications are accurate, demonstrate sound judgment, and promote the employer's mission."  <u>Id.</u> at 11.  Moore crossed the line when he, as "official" spokesman for the Department, made himself spokesman for the union or the citizens of Detroit.  His speech did not promote the Department's mission.  Nor did it reflect the sound judgment Defendants rightfully expected.  His speech invited disciplinary action by Defendants, and their acceptance of the invitation did not violate Moore's constitutional rights.

Consequently, Defendants were free to restrict Moore's ability to speak on behalf of the Department, if displeased by the content of his communication.  His subsequent

4

transfer to a new position merely reflects the "exercise of employer control over what the employer itself has commissioned or created." Id. at 10.  In sum, Moore possessed no right under the Constitution to preform his job as he saw fit.  Id. at 11.  Therefore, neither Plaintiff's belief that his position was correct nor the publication of his belief to the news media insulates him from the consequences of Chief Oliver's disapproval.

## IV.  CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' request for judgment as a matter of law.  Accordingly, Defendants' request for a new trial or remittitur is moot.  Further, Plaintiff's request for statutory costs, interests and attorneys fees is **DENIED**.

**IT IS SO ORDERED.**

                                                                s/Marianne O. Battani
                                                                Hon. Marianne O. Battani

Date: June 6, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Isaiah Lipsey and Valerie A. Colbert-Osamuede on this date by ordinary mail and electronic filing.

                                                             s/Bernadette M. Thebolt
                                                                 Deputy Clerk